UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KENNETH DODDS, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| vs. | ) | Case No. 4:02CV 1195 DJS(LMB) |
| LARRY ROWLEY, | ) | |
| Respondent. | ) | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on the petition of Kenneth Dodds for a writ of habeas corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Respondent has filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not be Granted. (Document Number 5). Petitioner has filed a Traverse (Doc. No. 9), along with a "Memorandum of Law in Support of Petition for Writ of Habeas Corpus." (Doc. No. 14).

### Procedural History

Petitioner is presently incarcerated at the Northeast Correctional Center in Bowling Green, Missouri, pursuant to the sentence and judgment of the Circuit Court of the County of St. Louis, Missouri. See Respondent's Exhibit B at 4-5. On August 27, 1999, petitioner pled guilty to two counts of stealing, third offense, one count of making a false declaration, one count of stealing over $750, and two counts of possession of a controlled substance. See Resp't Ex. C. The court sentenced petitioner to fifteen years imprisonment on each stealing count and possession count and

-1-

six months imprisonment on the false declaration count, all sentences to run concurrently with each other. See id.

On October 22, 1999, petitioner, pro se, filed a Motion to Vacate, Set Aside or Correct the Judgment or Sentence pursuant to Missouri Supreme Court Rule 24.035. See Resp't Ex. A at 4-12. In this motion, petitioner argued that he was denied effective assistance of counsel in that counsel failed to enforce a plea agreement with the prosecuting attorney and that the prosecuting attorney engaged in misconduct in failing to uphold the plea agreement. See id. After appointment of counsel, petitioner filed an Amended Motion to Vacate, Set Aside, or Correct Judgment and Sentence and Request for Evidentiary Hearing. See Resp't Ex. A at 18-46. In this motion petitioner made the following arguments: (1) he was denied effective assistance of counsel in that his attorney failed to tell him that the State's original guilty plea offer would expire unless he accepted it immediately; (2) he was denied effective assistance of counsel in that his attorney advised him that he would only have to serve fifty or sixty percent of his sentences before becoming eligible for parole; (3) he was denied effective assistance of counsel in that his attorney promised him that he would receive long-term drug treatment if he pled guilty; (4) his sentence in State v. Dodds, 98CR-2483, stealing, third offense, is invalid in that the State used the same prior conviction both to elevate the offense and to enhance the punishment; (5) his conviction and sentence in State v. Dodds, 98CR-4114, stealing $750 or more, is invalid in that the court accepted his guilty plea without a factual basis; (6) his sentence in State v. Dodds, 98CR-6149, possession of a controlled substance, is invalid in that he was sentenced as a prior and persistent offender without the State having charged or offered proof that he was such; (7) he was denied effective assistance of counsel in that his attorney failed to object to the use of the same conviction both to elevate an offense and to enhance the punishment; (8) he was denied effective assistance of counsel in that his attorney was ineffective

for failing to object to the court's acceptance of his guilty plea without a factual basis for the plea; and (9) he was denied effective assistance of counsel in that his attorney failed to object when he was sentenced as a prior and persistent offender without the State having charged or offered proof that he was such. See id.

The motion court granted petitioner's request for an evidentiary hearing, and a post-conviction relief hearing was held on June 2, 2000. See Resp't Ex. D. Petitioner testified on his own behalf and petitioner's former attorneys, Stormy White and James Schuetz, testified on behalf of the respondent. See id. The motion court entered findings of fact and conclusions of law on August 31, 2000, wherein the court denied petitioner's motion for post-conviction relief in all respects. See id. Resp't Ex. A at 57-67.

Petitioner timely filed a notice of appeal from the denial of post-conviction relief. See id. at 80. Petitioner argued on appeal that the motion court erred in denying him relief because: (1) he was denied effective assistance of counsel in that his attorney failed to object to the use of the same offense both to elevate his stealing charge and to enhance his range of punishment; (2) he was denied effective assistance of counsel in that his attorney failed to object to the court accepting his guilty plea when the State failed to set forth the facts to be proven for stealing over $750 in Case No. 98CR-4114; (3) he was denied effective assistance of counsel in that his attorney failed to object to the court sentencing him as a persistent offender when the state failed to prove that he was such; (4) the trial court accepted his guilty plea without a factual basis in that the State failed to set forth the facts to be proven for stealing over $750 in Case No. 98CR-4114; (5) the plea court accepted his guilty plea without a factual basis when the court sentenced him as a persistent offender without alleging or proving that he was such; and (6) the State used the same prior offense both to elevate his stealing charge and to enhance his range of punishment. See Resp't Ex. E.

On September 25, 2001, the Missouri Court of Appeals for the Eastern District granted petitioner's points two and four and denied all other claims of error. See Resp't Ex. H. The court found that the charge in Case No. 98CR-414 was not correctly identified as stealing over $750, and that the State failed to prove the factual basis for the charge of stealing over $750. See id. at 6. The court held that the motion court clearly erred in denying petitioner's claims that counsel was ineffective for failing to object, and the plea court erred in accepting his plea of guilty without a factual basis. See id. Thus, the Court reversed the portion of the motion court's judgment pertaining to Case No. 98CR4114 and vacated the conviction and sentence in that case and remanded it for further proceedings. See id. at 6-7.

On August 7, 2002, petitioner, pro se, filed a petition for a writ of habeas corpus, raising five grounds for relief. See Doc. No. 1. In his Response, respondent argues that petitioner is not in custody on the charge challenged in his second claim, his fourth claim is procedurally barred, and his remaining claims fail on the merits. See Doc. No. 5.

## Discussion

**A.   Standard of Review**

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed Section 2254(d) in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts." 529 U.S. at 405, 120 S. Ct. at 1519. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." Id. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 410, 120 S. Ct. at 1521. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410, 120 S. Ct. at 1522.

The court will consider first Grounds Two, Four and Five having to do with legal issues other than ineffective assistance of counsel and then will take up Grounds One and Three in which petitioner argues ineffective assistance of counsel in his plea attorney's failing to raise the issues in Grounds Five and Two.

**B.** **Ground Two**

In his second ground for relief, petitioner argues that he was denied effective assistance of counsel in that plea counsel failed to object to the court accepting his guilty plea without setting forth the facts to be proven for the charge of stealing over $750.

As previously stated, the Missouri Court of Appeals for the Eastern District vacated petitioner's conviction and sentence on this count. See Resp't Ex. G at 6-7. Section 2254 mandates that a petitioner must show that he is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a) (1994). However, a federal court lacks jurisdiction over a petitioner's challenge to a conviction for which he is no longer incarcerated. See Cotton v. Mabry, 674 F.2d 701, 703-704 (8th Cir. 1982); Flittie v. Solem, 882 F.2d 325, 326 (8th Cir. 1989). Petitioner's challenge in ground two of his Petition pertains to the conviction of stealing over $750. Petitioner is no longer incarcerated for the conviction of stealing over $750. Thus, this court lacks jurisdiction over petitioner's challenge in ground two of his Petition.

Accordingly, the undersigned recommends that petitioner's second ground for relief be denied.

**C.   Ground Four**

In his fourth ground for relief, petitioner argues that the plea court sentenced him as a prior and persistent offender without a factual basis because the information did not allege that petitioner was being charged as a prior and persistent offender. Respondent argues that this ground is procedurally barred because petitioner failed to raise this claim on direct appeal.

It is well-established that the procedural default rule requires a habeas petitioner to pursue all available avenues of relief in the state courts before the federal courts can consider the claim. See 28 U.S.C. § 2254(b); Duvall v. Purkett, 15 F.3d 745, 746 (8th Cir. 1994). To avoid procedural default, "Missouri procedure requires that a claim be presented 'at each step of the judicial process.'" Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994)(quoting Benson v. State, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)), cert. denied, 513 U.S. 983, 115 S. Ct. 462, 130 L.Ed.2d 370 (1994). The failure to satisfy a state procedural requirement will serve as an adequate and

independent state procedural bar to review. See id. (citing Grubbs v. Delo, 948 F.2d 1459, 1462 (8th Cir. 1991)). In deciding if there has been procedural default, a federal court must give deference to the state courts and should place great importance on state procedural rules. See Buckley v. Lockhart, 892 F.2d 715, 718 (8th Cir. 1989).

In the present case, petitioner failed to file a direct appeal challenging the validity of his conviction and sentence. Under Missouri law, a person who pleads guilty to a criminal offense has a right to challenge the sufficiency of the information or indictment by direct appeal. See Stater ex rel. Simmons v. White, 866 S.W.2d 443, 446 n. 4 (Mo. banc 1993). The Missouri Court of Appeals found that this claim was not cognizable in a post-conviction relief proceeding because petitioner did not file a direct appeal. Thus, petitioner's claim that the plea court sentenced him as a prior and persistent offender without a factual basis is procedurally defaulted.

As a result of petitioner's default of his fourth claim, this court is barred from reaching the merits of this claim absent a showing of both "cause" and "actual prejudice" resulting from the alleged constitutional violations. See Wainwright v. Sykes, 433 U.S. 72, 87, 97 S. Ct. 2497, 2506-2507, 53 L. Ed. 2d 594 (1977). In order to demonstrate "cause" a petitioner must "show that some objective factor external to the defense impeded counsel's [or petitioner's] efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2646, 91 L. Ed. 2d 397 (1986). "Cause" can be demonstrated by "a showing that the factual or legal basis for a claim was not reasonably available to counsel," or by showing that interference by officials made compliance impracticable. Id. If a petitioner cannot demonstrate cause, then the court need not determine whether the petitioner has suffered actual prejudice. See Leggins v. Lockhart, 822 F.2d 764, 768 (8th Cir. 1987), cert. denied, 485 U.S. 907, 108 S. Ct. 1080, 99 L. Ed. 2d 239 (1988).

In the present case, petitioner argues as "cause" for his procedural default that the procedural default rule is "not reasonable" for various reasons. However, petitioner does not explain what caused his failure to file an appeal of his conviction and sentence. Thus, petitioner has not demonstrated adequate cause regarding his procedural default. Since petitioner has not established cause for his procedural default, the court need not address the actual prejudice prong of the inquiry. Id.

A federal habeas court may also reach the merits of a procedurally defaulted claim where the petitioner can demonstrate that the "miscarriage of justice" exception applies. This narrow exception is limited to extraordinary circumstances where actual innocence can be demonstrated. See Murray, 477 U.S. at 496, 106 S. Ct. at 2649. The petitioner must show that a constitutional violation "probably resulted" in the conviction of an innocent person. See Schlup v. Delo, 513 U.S. 298, 326-29, 115 S. Ct. 851, 867-68, 130 L. Ed. 2d 808 (1995). Put another way, the "petitioner must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Id. at 327, 115 S. Ct. at 867. "Due to important comity and finality interests, the actual innocence gateway is very limited." Weeks v. Bowersox, 119 F.3d 1342, 1351 (8th Cir. 1997) (en banc). Petitioner does not allege that he is actually innocent of the crimes. Thus, the court need not consider further petitioner's fourth ground for relief.

Even were petitioner's claim not procedurally defaulted, petitioner's claim fails on the merits as well. The record reveals that petitioner's prior convictions were undisputed. As the Missouri Court of Appeals pointed out, during the plea hearing "Furthermore, [petitioner] admitted he had at least two prior felony convictions." Resp't Ex. H at 7. See also Resp't Ex. C at 11-12.

Accordingly, the undersigned recommends that petitioner's fourth ground for relief be

denied.

**D.     Ground Five**

In his fifth ground for relief, petitioner argues that the plea court improperly used a single prior conviction both to upgrade a stealing offense to a felony and to enhance the range of punishment for that felony. Respondent contends that petitioner's claim is a matter of state law and is thus noncognizable in a federal habeas proceeding.

Petitioner's stealing third offenses were upgraded to felony offenses by virtue of two prior stealing convictions- stealing over $150 in Case No. 931-3164 and stealing over $150 in Case No. 851-01614. The range of punishment for the stealing third offenses was then enhanced to that of a persistent offender also by virtue of two prior stealing convictions-stealing over $150 in Case No. 851-01614 and stealing over $150 in Case No. 465666. Thus, as petitioner points out, one of his prior convictions-stealing over $150 in Case No. 851-01614-was used to double enhance the crimes with which he was charged.

The Missouri Court of Appeals found that, based upon the plain language of the relevant enhancement statues, Sections 570.040 RSMo and Section 558.016 RSMo, a single prior conviction can be used to double enhance an offense. See Resp't Ex. H at 4.

Section 577.040.2, which contains sentencing enhancing provisions for stealing and related offenses, provides in relevant part:

> For the purpose of this section, guilty pleas or findings of guilt in any state or federal court or in a municipal court of this state shall be considered by the court to be previous pleas or findings of guilt for the enhancement purposes of this section as long as:
> (1) The defendant was either represented by counsel or knowingly waived counsel in writing and
> (2) The judge accepting the plea or making the findings was a licensed attorney at the time of the court proceedings.

Section 558.016, which contains general recidivism provisions, provides in relevant part:

> 1. The court may sentence a person who has pleaded guilty to or has been found guilty of a class B, C, or D felony...to an extended term of imprisonment if it finds the defendant is a persistent offender...
> ...
> 3. A "persistent offender" is one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times.
> ...
> 7. The total authorized maximum terms of imprisonment for a persistent offender...are: (3) For a class C felony, a term of years not to exceed twenty years.
>
> The Missouri Court of Appeals made the following findings regarding petitioner's claim:
>
> Here, the issue raised by Movant was directly addressed by the Missouri Supreme Court in Ewanchen, where the Court found the persistent offender statute could be applied when the offense actuating the sentence enhancement was itself enhanced from a misdemeanor to a felony. Ewanchen, 799 S.W.2d at 609. There, as here, the same prior convictions were used both to enhance the offense and to support the findings of prior and persistent offender so as to extend the range of punishment. Id. Therefore, the motion court did not err in denying Movant's claim.

See id. at 5. The Missouri Court of Appeals thus relied on the Missouri Supreme Court's interpretations of the relevant statutes to find that it is permissible under Missouri law to use the same prior convictions both to enhance an offense and to extend the range of punishment.

"In applying a state statute, federal courts are 'bound by the construction given the statute by the highest court within the state.'" Kifer v. Liberty Mutual Insurance Co., 777 F.2d 1325, 1329 (8th Cir. 1985) (quoting Slaaten v. Cliff's Drilling Co., 748 F.2d 1275, 1277 (8th Cir. 1984)). The Missouri Supreme Court rejected petitioner's interpretations of the relevant statues and "we cannot second-guess that court's construction of State law." Layton v. State of South Dakota, 918 F.2d 739, 742 (8th Cir. 1990). Further, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116

L.Ed.2d 385 (1991). See Lupien v. Clarke, 403 F.3d 615, 619 (8th Cir. 2005); Newton v. Kemna, 354 F.3d 776, 782 (8th Cir. 2004).

Petitioner claims that the double enhancement of his sentence subjected him to double jeopardy. Persistent offender statutes, however, have been upheld against claims of double jeopardy based on the reasoning that "[t]he punishment is for the new crime only, but is the heavier if [the defendant] is an habitual criminal." Layton v. State of South Dakota, 918 F.2d 739, 743 (8th Cir. 1990) (quoting McDonald v. Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1901)).

The use of the same prior conviction both to enhance an offense and to extend the range of punishment does not violate clearly established federal law. Rather, petitioner's claim rests on an interpretation of state law. As such, it is noncognizable in a federal habeas corpus proceeding.

Accordingly, it is the undersigned's recommendation that petitioner's fifth ground for relief be denied.

## Ineffective Assistance of Counsel

### E.  Ground One

In his first ground for relief, petitioner argues that plea counsel was ineffective for failing to object to the State's use of a single prior conviction both to upgrade an offense and to enhance the punishment for the offense. Respondent claims that plea counsel was not ineffective for failing to make a meritless objection.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances, and additionally, the petitioner must show that he was prejudiced by his attorney's action or inaction. See Strickland v. Washington, 466

U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). A petitioner must show that "counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment." Id. "Prejudice" is shown by a petitioner when it is demonstrated that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. Id. at 694, 104 S. Ct. at 2068. A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. Id. The petitioner must not only assert prejudice, but must affirmatively prove that prejudice was present. See id. at 693, 104 S. Ct. at 2067.

As discussed above in relation to petitioner's fifth ground for relief, the Missouri Supreme Court has held that it is permissible under Missouri law to use the same prior convictions both to enhance an offense and to extend the range of punishment. As such, petitioner's plea counsel was not ineffective for failing to raise a meritless claim.

Accordingly, the undersigned recommends that petitioner's first ground for relief be denied.

**F.    Ground Three**

In his third ground for relief, petitioner argues that plea counsel was ineffective for failing to object to petitioner being sentenced as a prior and persistent offender when no evidence of his prior convictions was introduced by the State nor was it contained in the information. Respondent contends that the state court's decision regarding petitioner's claim was not contrary to clearly established federal law.

The Missouri Court of Appeals correctly stated the standard set forth in Strickland v. Washington and determined that the motion court did not err in finding that petitioner's plea counsel was not ineffective. The court made the following findings:

> Moreover, Movant's prior convictions were undisputed. The guilty plea and sentencing record show that Movant was considered to be a persistent offender. Furthermore, Movant admitted he had at least two prior felony convictions. Given the foregoing, counsel was not ineffective in failing to object. Further, Movant did not show that there was a reasonable probability that but for counsel's error, the result would have been different. Hall, 982 S.W.2d at 680.
>
> In denying Movant's claim, the motion court found that Movant failed to question counsel during the post-conviction relief hearing and failed to overcome the presumption of competency of his attorney and, thus, was not entitled to relief. See State v. Tokar, 918 S.W.2d 753, 768 (Mo. Banc 1996). We cannot say that the motion court's findings and conclusions are clearly erroneous. The motion court did not clearly err in denying Movant's post-conviction motion. Points three and five are denied.

Respt's Ex. H at 7-8.

The state appellate court's decision that trial counsel did not render ineffective assistance by failing to for failing to object to petitioner being sentenced as a prior and persistent offender is entitled to deference in this proceeding. The required deference which a federal habeas court must give the decision is governed by § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

28 U.S.C. § 2254(d). As to the unreasonable application prong, the Court of Appeals for the Eighth Circuit has interpreted this test to mean that "[t]he federal habeas court should not grant the petition unless the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." Long v. Humphrey, 184 F.3d 758, 760 (8th Cir. 1999)(quoting Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 890 (3d Cir. 1999)). Thus, the court is required to objectively evaluate the

decision of the Missouri Court of Appeals that petitioner received effective assistance of counsel in order to determine whether it can reasonably be justified.

The state court's conclusion that Petitioner was provided effective legal assistance is reasonable because petitioner has not demonstrated prejudice. The amended informations show that petitioner pled guilty to stealing over $150 on March 10, 1986, in the Circuit Court of the City of St. Louis, and that petitioner pled guilty to stealing over $150 on April 26, 1982, in the Circuit Court of the City of St. Louis. See Respt. Ex. B at 11-12. Further, the transcript reveals that petitioner admitted to having the prior convictions at his guilty plea hearing. See Resp't Ex. C at 7-8. In sum, plea counsel's failure to object to petitioner being sentenced as a prior and persistent offender did not prejudice petitioner.

Accordingly, it is the recommendation of the undersigned that petitioner's third ground for relief be denied.

G.    Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)); Tokar v. Bowersox, 1 F. Supp.2d 986, 1016 (E.D. Mo. 1998). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition are

debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no certificate of appealability be issued.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the petition of Kenneth Dodds for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied.**

**IT IS FURTHER RECOMMENDED** that no certificate of appealability be issued.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.  See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this   27th   day of July, 2005.

/s/ Lewis M. Blanton

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE