**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| KENNETH DODDS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 4:02CV1195-DJS |
| | ) |
| LARRY ROWLEY, | ) |
| | ) |
| Respondent. | ) |

## ORDER

This matter is before the Court on the United States Magistrate Judge's report and recommendation ("R&R"), recommending that Kenneth Dodds' petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 be denied. Petitioner has filed objections to the R&R. Pursuant to 28 U.S.C. §636(b), the Court gives *de novo* consideration to those matters raised in the objections. The pro se objections are not uniformly comprehensible, but the Court has employed its best efforts to construe the objections as meaningfully as possible.

In Ground 4 of his petition, petitioner argues that he was sentenced as a prior and persistent offender without a factual basis because the charging information did not allege that petitioner was being charged as a prior and persistent offender. Petitioner takes exception to the magistrate judge's procedural

default conclusion with respect to Ground 4.[1]  Petitioner argues that a motion for transfer to the Missouri Supreme Court is not required in order to exhaust state remedies, and that Ground 4 was exhausted because petitioner raised it in his 24.035 appellate brief and the claim was passed upon by the Missouri Court of Appeals.  These arguments miss the mark.  The magistrate judge finds Ground 4 procedurally barred because petitioner failed to take a direct appeal from his conviction and sentence, and as a result the Missouri Court of Appeals found the claim not to be cognizable in the 24.035 proceedings.

Exhaustion of state remedies and procedural default are related but distinct doctrines within habeas law.  Grossly simplified, exhaustion requires that a federal habeas petitioner have no remaining state court remedies available for the claims he presses in his federal habeas petition. By contrast, a ground for relief asserted in a federal habeas petition is procedurally defaulted, even if it is exhausted, where a state court has rejected, or would reject, the claim without considering the merits, based on a procedural determination that the claim was waived by petitioner's failure to assert it in some prior stage of state proceedings. When ruling on petitioner's 24.035 appeal, the Missouri Court of Appeals rejected the claim here asserted as

---

[1] The objections also reference Ground 5 in this context, but mistakenly so, as the magistrate judge rejects Ground 5 as meritless and as not cognizable in a habeas proceeding, rather than on the basis of lack of exhaustion or procedural default.

2

Ground 4 because petitioner failed to assert it in a direct state appeal. Resp. Exh. H, p.7. This is a clear finding of procedural default under state law, and precludes this Court's consideration of the claim on the merits in these federal habeas proceedings. Petitioner's objection is therefore overruled.

In his fifth ground for relief, petitioner asserts that the plea court improperly used a single prior conviction both to upgrade a stealing offense to a felony and to enhance the punishment range for that felony.[2] The magistrate judge found that such a circumstance does not violate state law or federal double jeopardy principles, and noted that if construed as an issue of state law, the claim is not cognizable in habeas.[3] In his objections, petitioner casts the claim as raising due process issues, asserting that he was punished based on evidence and findings he had no opportunity to challenge. The Court rejects this argument, as it does not appear that petitioner had no opportunity to challenge his treatment as a prior and persistent offender at the sentencing hearing. Where an opportunity existed,

---

[2] The Court notes that the petition fails to clearly delineate the number and nature of petitioner's grounds for relief, but that petitioner has agreed with the respondent's characterization of five grounds as asserted in the petition. See Resp. Response to Order to Show Cause [Doc. #5], p.3; Pet. Traverse [Doc. #9], pp.1-2.

[3] The Missouri Court of Appeals noted that Missouri law permits the double enhancement of which petitioner complains. Resp. Exh. H, pp.4-5, *citing* State v. Ewanchen, 799 S.W.2d 607, 609 (Mo.banc 1990).

3

but was not exercised, no due process violation is shown. Furthermore, the Court is not persuaded that the magnitude of the enhancement based on petitioner's recidivism itself violates due process. <u>United States v. Calva</u>, 979 F.2d 119, 122 (8th Cir. 1992). This objection is therefore overruled.

In his objections, petitioner argues that his plea was not knowingly and intelligently made because his attorney failed to advise him that he would be ineligible for parole until he served 80% of his sentence, and because his attorney and the Court failed to inform him of the maximum and minimum terms applicable to the charges against him. Simply stated, these are new grounds for relief which cannot properly be asserted for the first time in petitioner's objections to the R&R. As noted earlier, petitioner accepted and adopted respondent's interpretation of the five grounds for relief asserted in the petition, and those grounds do not encompass these new allegations concerning petitioner's guilty plea. This portion of petitioner's objections is overruled as an unavailing and untimely attempt to engraft new claims for relief into the petition.

The Court discerns no other basis in petitioner's objections for rejecting the magistrate judge's recommendation or for granting habeas relief. Petitioner fails to demonstrate that the state courts' rejection of his claims warrants relief under the standard enunciated in 28 U.S.C. §2254(d). Accordingly,

**IT IS HEREBY ORDERED** that petitioner's objections to the United States Magistrate Judge's report and recommendation [Doc. #20] are overruled, and the report and recommendation [Doc. #16] is accepted and adopted.

Dated this ___12th___ day of September, 2005.

                                         /s/Donald J. Stohr
                                         UNITED STATES DISTRICT JUDGE